UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VALERIE WILLIAMS,

                Plaintiff,                          Case No.

        -against-                           **COMPLAINT**

MZ WINE & SPIRITS INC., and
AM & ZHENG LLC,

                Defendants.

---

Plaintiff, Valerie Williams (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants MZ Wine & Spirits Inc. d/b/a/ MZ Liquors ("Store"), and AM & Zheng LLC (the "Owner") (the Store and the Owner being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1. Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who require wheelchairs or scooters for mobility from the full, independent and equal enjoyment of the Store's goods and services.

2. Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3. Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its place of public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.  Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.  Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.  Plaintiff suffers from cerebral palsy and is primarily dependent on a wheelchair for mobility. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.  Store is a domestic corporation formed under the laws of the State of New York and it owns and operates a wine and liquor store, open to the general public, known locally as MZ Liquors and is located at the premises known and designated as 255 Bushwick Avenue, Brooklyn NY. (the "Property"). The Owner is a domestic limited liability company formed under the laws of the State of New York and is the owner of the Property.

## STATEMENT OF FACTS

9. Plaintiff has resided in the vicinity where the Store is located for the past 29 years and she regularly passes by the Property. On [DATE], Plaintiff attempted to enter the Store but was unable to do so. Plaintiff enjoys wine and liquor on occasion and she would patronize the Store regularly because it is close to her home and is therefore very convenient for her. In essence, the Store would be her neighborhood liquor store if it were accessible.

10. Plaintiff desires to shop at the Store and to purchase wine and liquor there but she has been unable to do so because she has not been able to enter the premises.

11. When Plaintiff visited the Store, she was able to observe others entering the Store, shopping and purchasing alcoholic beverages be she was not able to partake because, inter alia, the step at the entrance prevented her from being able to enter.

12. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for negligence.

13. Once the barriers have been removed Plaintiff will return to the Store as it is a very short distance from her residence and she greatly desires to shop at this establishment and to support the local businesses serving her neighborhood.

14. The services, features, elements and spaces of the Store are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the "2010 Standards").

15. Upon information and belief, since January 26, 1992, the Store has undergone alterations that affected, or could have affected, the usability of part or the entire Store.

16. According to the records of the New York City Department of Buildings, there have been alterations to the building, including, but not limited to an application approved on August 24, 2007, the precise scope and nature of which are presently unknown. Upon information and belief, some of the alterations involved renovations which were sufficiently extensive to require Defendants to comply with the requirements of the ADA and regulations implemented thereunder to the maximum extent feasible.

17. There are various violations of the ADA at the Store, as more fully detailed below (sections listed as violated refer to the 2010 Standards, unless otherwise noted):

a) The Store fails to provide an accessible route from the public sidewalk in violation of 206.2.1.

b) By failing to provide an accessible route at the entrance, the Store's construction is in violation of 206.4, 402 and 404 which requires that entrance doors and doorways be on an accessible route.

c) The Store is in violation of 206.5 and 206.5.1 because none of the doors comply with 404.

d) The Store has double-leaf doors at the entrance, each of which is 26 inches wide in violation of 404.2.2 which requires at least one leaf to have the clear width required by 404.2.3.

e) The entrance doorway does not provide the required 60-inch maneuvering clearance as required by 404.2.4.3 and 404.2.4.4.

f) The Store's failure to provide an accessible means of egress is in violation of §1003.2.13 of the International Building Code (2000 ed. and 2001 Supp.) and §1007 of the International Building Code (2003 ed.) and also in violation of Standards §207.1.

g) The step at the entrance (a means of egress) lacks handrails, in violation of 504, 505 and therefore 210.1.

h) Because of the presence of the step at the entrance, the Store has a change in level on an accessible route of over ½ inch which is not ramped, in violation of 303.4, 402, 403 and 405/406.

i) The step at the entrance causes a change in level within an area required for level maneuvering clearance, in violation of 404.1 and 404.2.4.4.

j) The lack of handrails on both sides of the step at the entrance causes the Store to be in violation of 504.6 and 505.2.

k) The Store has failed to make readily accessible alterations to the path of travel to the renovated Store in violation of 42 USC § 12183(a)(2), and such renovations would not be disproportionate in cost.

l) The Store fails to provide for a means thru which people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii).

m) The Store has failed to remove architectural barriers at their entrance so that people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(2)(A)(iv).

n) The Store has altered a primary function area without making such area readily accessible, in violation of 202.4.

o) The sales counters are at least 39 inches high over the finished floor, in violation of 227.1, 227.3 and 904.4.1.

p) The Store failed to make the alterations to the sales counter comply with the applicable requirements of Chapter 2, in violation of 202.3 and 227.3.

## FIRST CLAIM FOR RELIEF

(Americans with Disabilities Act)

18. Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

20. The Property contains a public accommodation, to wit, the Store. 42 U.S.C. § 12181(7)(B).

21. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Store to individuals with disabilities;

d. Failing to design and/or construct the Store so that it is readily accessible to and usable by individuals with disabilities;

e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Store are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f. Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area(s) are readily accessible to and usable by individuals with disabilities; and/or

g. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

22. Defendants could have removed the illegal barriers at the Store by (i) ramping the step at the entrance, (ii) altering the entrance door so that it can be operated by an individual in a wheelchair without assistance, and (iii) lowering one 36-inch wide section of the sales counter to a height of 34 inches or less.

23. The foregoing suggestions are not meant as exclusive but simply provide a means of remedying the ADA violations present.

24. However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Store, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

25. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF

(Violation of New York State Executive Law)

26. Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

28. By failing to comply with the law as it has been in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

29. The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

30. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

31. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

32. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

33. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF

(Violation of the Administrative Code of the City of New York)

34. Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

36. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

37. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal

or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

38. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

39. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

41. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

42. The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

43. By refusing to make the place of public accommodation accessible, the Store has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful

space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The Store's unlawful profits plus interest must be disgorged.

44.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

## FOURTH CLAIM FOR RELIEF

(Violations of New York State Civil Rights Laws)

45.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     The Defendants have discriminated against Plaintiff pursuant to New York State Executive Law.

47.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

48.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

49.     Plaintiff will continue to experience unlawful discrimination as a result of the Store's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Store to alter and modify its place of public accommodation and its policies, practices and procedures.

50.     Injunctive relief is also necessary to make the Store readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the step at the entrance.

## DECLARATORY RELIEF

51.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

52.     In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures;

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: July 22, 2015

Frederic S. Rosengarten, Esq.
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606